JOHN SHAVER, RESPONDENT, *v.* THE NEW YORK AND LAKE CHAMPLAIN TRANSPORTATION COMPANY, APPELLANT.

*Evidence — what is inadmissible, as hearsay — vicious propensities of animals — when the master is not chargeable with the knowledge of his servants.*

This action was brought to recover damages occasioned by the plaintiff's horse having been kicked by one of the defendant's mules.   To show that the defendant had knowledge of the vicious propensities of the mule, declarations of the driver, made soon after the accident, were proved by the plaintiff.

*Held,* that the evidence was inadmissible to prove either the viciousness of the mule or knowledge of that fact by the defendant.

A witness was called by the plaintiff who had been employed by the defendant prior to and at the time of the accident to feed and take care of its teams when they came to its stable.   The defendant owned some three or four hundred mules and horses.

*Held,* that the knowledge of the witness as to the vicious propensities of the mule did not charge the defendant with notice thereof.

*Baldwin* v. *Casella* (L. R., 7 Exch., 325) distinguished.

APPEAL from a judgment of the Albany County Court, affirming a judgment rendered by a justice of the peace in favor of the plaintiff for the sum of fifty-four dollars damages and costs.

On or about the 20th day of November, 1882, while plaintiff's and defendant's teams were feeding in a shed on the line of the

Champlain canal, north of West Troy, defendant's mule kicked plaintiff's horse on the fore leg, and damaged him in the sum of forty-nine dollars.

To prove that the defendant had notice of the mule's vicious propensities, the declarations of its driver, made soon after the accident occurred, were offered by the plaintiff and received without objection.

A person who had been employed by the defendant to feed and care for its teams while in its stable, was also called by the plaintiff and testified in his behalf.

*Esek Cowen*, for the appellant.

*J. D. Hallen*, for the respondent.

BY THE COURT:

We think this judgment cannot be sustained:

*First.* The evidence as to what the driver said is no proof either of the viciousness of the mule or of the knowledge by defendants of that fact. Even if the driver were an agent of the defendants, his statements would be no evidence against them, unless made in a transaction which he was carrying on for the defendants and tending to qualify such transaction.

*Second.* As to the evidence of the hostler. The question here is whether the knowledge of this hostler was the knowledge of defendants. Because it must undoubtedly be proved that the defendants knew of the viciousness of the mule, before they can be made liable for its viciousness. The hostler was in defendants' employ, apparently charged with the duty of feeding and taking care of their teams when they came to the stable. These teams were numerous, amounting to some hundred horses and mules.

It is evident that no special duty was imposed on the hostler in respect to this mule. He was only to feed and care for the mule when in the stable.

Under these facts the plaintiff relies upon *Baldwin* v. *Casella* (L. R., 7 Ech., 325). In that case an ordinary carriage dog of defendant was kept in defendant's stable under the care and control of defendant's coachman who lived there. It was held that knowledge of the coachman was knowledge of the master in respect to the dog's viciousness. One of the learned judges placed the

decision on the ground that the possibility of injury arising from things likely to be dangerous, raises a duty on the part of those who have them under their control to inform themselves about them ; that the defendant had appointed the coachman to the duty of having the dog under his inspection.

It is not necessary for us to question the propriety of the decision last cited or that of *Stiles* v. *Cardiff S. N. Co.* (32 L. J. [Q. B.], 310). It is enough to say that there is nothing in this case which shows that the hostler had such a duty imposed upon him by the defendants as to make them chargeable with his knowledge of the viciousness of the mule.

It would certainly be unreasonable to charge the owner of an animal with whatever knowledge of its viciousness any person might have who was charged with the least duty whatever in respect to it. That principle, if adopted, would charge an owner with the knowledge which might be possessed by a boy who might be, in a single instance, employed to lead an animal to water. In the present case the hostler had merely the duty (so far as appears) of feeding this mule, among many others, when it chanced to be in the stable. He was not appointed to "the duty of having the mule under his inspection "

The judgment should be reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

Judgment of County Court and of justice reversed.